UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pov B., | Civ. No. 26-3192 (PAM/EMB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Markwayne Mullin, Secretary, Department of Homeland Security; Todd Blanche, Attorney General; David Venturella, Acting Director, Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office U.S. Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Pov B.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet. (Docket No. 1).) Petitioner challenges his immigration detention pending removal. For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Cambodia. (Decl. of Ivan Sabin (Docket No. 6) ¶ 4.) On October 24, 1983, he entered the United States in 1983 as a refugee, and, in 1988, adjusted his status to that of a lawful permanent resident. (Id. ¶ 5; id. Ex. A at 2.)

Petitioner has an extensive criminal history, stemming back decades. Between 1998 and 2012, he accrued the following convictions: four convictions of disorderly conduct, three trespassing convictions, two convictions of driving after his license was suspended,

two convictions of gross misdemeanor assault in the fifth degree, and two convictions of second-degree assault involving a dangerous weapon. (Pet. ¶ 14; Sabin Decl. Ex. A. at 3–4.) Additionally, he was convicted of the following crimes: resisting or obstructing an officer, not having a driver's license in his possession, fifth-degree assault, driving without a license, giving false information to a law enforcement officer, misdemeanor domestic assault, felony assault, a felony for violating an order of protection, and a gross misdemeanor for violating an order of protection, as well as traffic offenses. (Id.)

On April 25, 2013, an immigration judge issued Petitioner a final order of removal, and ICE issued a I-205 Warrant of Removal/Deportation for Petitioner. (Sabin Decl. ¶ 5; id. Ex. B.) Petitioner does not dispute that he is subject to a final order of removal.[1]

Respondents could not effectuate his removal and released him on an Order of Supervision. (Id. ¶ 6; id. Ex. C.) Petitioner failed to comply with the conditions of his Order of Supervision, as he obtained more criminal convictions: a misdemeanor conviction for not having a driver's license in his possession, a felony conviction for violating an order of protection, and two convictions for driving after suspension. (Id. Ex. A at 3–4; Pet. ¶ 14.)

On June 16, 2025, Petitioner was arrested by the Scott County Sheriff's Office for felony fifth-degree assault for inflicting or attempting to inflict bodily harm in violation of

---

[1]   Despite at one time having the status of a lawful permanent resident, Petitioner is removable because he is an alien who received a conviction for a crime of violence, stalking, child abuse, child neglect, or child abandonment. 8 U.S.C. § 1227(a)(2)(E)(i). He is also removable because he obtained at least two convictions involving crimes of moral turpitude not arising out of a single scheme of criminal conduct. Id. § 1227(a)(2)(A).

Minn. Stat. § 609.224.1(2). (Sabin Decl. ¶ 7.) A bench warrant issued because Petitioner failed to appear in court on this charge. (Id.) The charge remains pending.

Local authorities arrested him on June 9, 2026, pursuant to the bench warrant, and brought Petitioner to the Scott County Jail. (Id.; Pet. ¶ 20.) On June 9, 2026, ICE lodged a Form I-247A Immigration Detainer for Petitioner and an I-205 Warrant of Removal. (Sabin Decl. ¶ 8; id. Ex. D.) On June 10, 2026, ICE officers took Petitioner into custody pursuant to the warrant and served him a Notice Revocation of Release, citing that he violated a condition of release. (Id. ¶¶ 9–10; id. Exs. E, F.) Petitioner was afforded an informal interview to allow him "an opportunity to respond to the reasons for revocation and to provide any evidence to demonstrate that [his] removal is unlikely," as required under 8 C.F.R. §§ 241.4(1), 241.13(i). (Id. Ex. F at 3.) At the interview, Petitioner did not provide any statement or document showing that his removal was unlikely. (Id.) Petitioner remains detained since his arrest. (Pet. ¶ 7.)

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release.

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." Abdulkadir A. v. Sessions, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer, J.) (citing Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)), report and recommendation adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.). The Petition alleges that

3

Petitioner's arrest violated the Fourth Amendment and that his arrest and detention run afoul of the Accardi doctrine.

Petitioner's Fourth Amendment claim is without merit. There is no doubt that Petitioner was lawfully arrested and detained. As a threshold matter, ICE obtained I-205 warrants for his arrest in May 2013 and March 2026, and he was taken into custody under that authority. See 8 C.F.R. § 241.3. Petitioner's argument that he was arrested without a valid warrant is meritless. The relevant statutes contain no requirement that an I-205 warrant must be simultaneously served on the alien at the time of arrest. See 8 U.S.C. § 1231, 8 C.F.R. § 241.2. The Court finds that the existence of the I-205 Warrants of Removal here satisfies any procedural requirement.[2]

Petitioner's Accardi claim is baseless. See Accardi v. Shaughnessy, 347 U.S. 260 (1954). He asserts that Respondents failed to follow their own regulations, and thus committed procedural errors, when revoking his supervised release and detaining him. 8 C.F.R. § 241.13(i)(1) states that "[a]ny alien who has been released under an order of supervision . . . who violates any of the conditions of release may be returned to custody . . . ." The record is clear that ICE followed its procedures to revoke Petitioner's

---

[2]   Moreover, 8 C.F.R. § 241.13 governs the revocation of supervised release. It states that: "Section 241.4 shall continue to govern the detention of aliens under a final order of removal, including aliens who have requested a review of the likelihood of their removal under this section, unless the Service makes a determination under this section that there is no significant likelihood of removal in the reasonably foreseeable future." It is clear that Respondents initially released Petitioner on an Order of Supervision because they could not effectuate his removal in 2013. Section 241.13 explains that "the Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13.

Order of Supervision.  (See Sabin Decl. Ex. F.)  ICE notified Petitioner of the reasons for the revocation of his release, conducted an interview with him, and allowed him to make a statement on his behalf, in compliance with the regulation's requirements.[3]  See 8 C.F.R. § 241.13(i)(3).  The law requires nothing more.

Petitioner alleges that Respondents further violated the Accardi doctrine in that the Assistant Field Office Director who signed his Notice of Revocation of Release was not authorized to do so.  The regulation explains that District Directors and Directors of Detention and Removal Field Officers may delegate their authority when there is a final order of removal.  See 8 C.F.R. § 214.1(c)(1), (4); id. § 241.13(i)(2) ("The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.")  An Assistant Field Office Director is no doubt one of the individuals to whom Field Office Directors may delegate responsibilities.  Petitioner fails to demonstrate that any agency failed to follow its regulations, much less that he is entitled to release as a result.

The Court concludes that Petitioner is not entitled to the relief he seeks, and thus denies his Petition.

---

[3]    Cambodia is issuing travel documents to its citizens with final orders of removal, so it is significantly likely that Petitioner will be removed to Cambodia in the reasonably foreseeable future.  (Sabin Decl. ¶ 14.)

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.       The Petition (Docket No. 1) is **DENIED**; and

2.       This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  August 11, 2026                                        s/ Paul A. Magnuson
                                                                             Paul A. Magnuson
                                                                             United States District Court Judge